**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRITTNEY M. KENNEY,<br><br>                              Plaintiff,<br><br>          -against-<br><br>MSG ARENA, LLC, MSGN HOLDINGS, LP, MADISON SQUARE GARDEN SPORTS CORP., and MSG ENTERTAINMENT GROUP CORP.,<br><br>                              Defendant. | Civil Action No.: 1:23-cv-7683<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>***Electronically Filed*** |

**TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that in accordance with 28 U.S.C. Sections 1332, 1441, and 1446, Defendants MSG Arena LLC, MSGN Holdings, L.P., and Madison Square Garden Sports Corp. (together, "MSG" or "Defendants"),[1] by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby remove this matter to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, County of New York. The grounds for removal are as follows:

**I.    CITIZENSHIP OF THE PARTIES**

1.    In accordance with Local Civil Rule 81.1, Defendant provides the following information: (1) the residence and domicile, and any other state or other jurisdiction in which Plaintiff is a citizen for purposes of 28 U.S.C. § 1332; and (2) the state of incorporation, principal

---

[1] MSG Entertainment Group Corp. is not an entity that exists or is incorporated in or a citizen of any state and appears to be mistakenly included as a defendant.

place of business, and any other state in which Defendants are a citizen for purposes of 28 U.S.C. § 1332.

(a)    Plaintiff Brittney Kenney ("Plaintiff") states in the Amended Complaint that "Plaintiff resides in the State of New Jersey." *See* Compl, p. 4, ¶ i.

(b)    Defendants are each organized under the laws of the State of Delaware and their respective principal places of business are located in New York, New York. *See* Declaration of Mark Cresitello dated August 29, 2023, attached as Exhibit 1 ("Cresitello Decl."), ¶¶ 3-4, 6.

## II.    PROCEDURAL HISTORY

2.    On August 15, 2023, Plaintiff commenced a civil action by filing a complaint in the Supreme Court of the State of New York, County of New York (the "New York Supreme Court"), captioned as *Brittany Kenny v. MSG Arena, LLC, et al.*, Index No. 158101/2023.  Plaintiff filed an Amended Verified Complaint on August 23, 2023 (Dkt. 2, the "Complaint").  The Complaint asserts claims for alleged failure to provide appropriate accommodations based on Plaintiff's stated religious beliefs and failure to engage in a cooperative dialogue under the New York City Human Rights Law ("NYCHRL").  Complaint ("Compl.") ¶¶ 8-83.  A copy of the Complaint is attached as Exhibit 2.

3.    Plaintiff has not served the Summons and Complaint upon the Secretary of State of the State of New York or anyone else authorized to accept Service on behalf of Defendants.

4.    A copy of the docket, as of August 28, 2023, the date Defendants became aware of the Complaint, is attached as Exhibit 3.[2]

---

[2] As Defendants became aware of the operative complaint on August 28, 2023, their response to the Complaint is due 21 days later, on September 18, 2023.  *See* Fed. R. Civ. P. 81(c)(2)(A).

5.     No proceedings have been held in the New York Supreme Court, and the Complaint, attached as Exhibit 2, constitutes all process, pleadings, and orders received by Defendants, or of which Defendants are otherwise aware.

6.     Defendants vigorously deny that they engaged in any form of wrongdoing or that Plaintiff is entitled to any damages from them.

## III.   GROUNDS FOR REMOVAL

7.     Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8.     Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  *See* 28 U.S.C. § 1332.

### A.     The Prerequisites For Diversity Jurisdiction Are Met.

#### (a)     Both Parties Are Citizens Of Different States.

9.     Defendant may remove this case to this Court in accordance with 28 U.S.C. § 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is an action between citizens of different states.  *See* 28 U.S.C. § 1332.

10.     Plaintiff is a citizen of the State of New Jersey.  *See* Comp., p. 4, ¶ i.

11.     For purposes of establishing diversity jurisdiction under 28 U.S.C. § 1441, a corporation is deemed a citizen of every State and foreign state in which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendants are corporations, and in the case of Defendant MSGN Holdings, L.P., a limited

partnership, organized under the laws of the State of Delaware. Defendants each maintain their principal place of business in the State of New York. Defendant MSGN Holdings, L.P., does not have any members of the partnership which are citizens of New Jersey. *See* Cresitello Decl., ¶¶ 3-4, 6-8. Accordingly, Defendants are citizens of New York, and not of New Jersey, for purposes of diversity jurisdiction.

12.     Section 1441(b)(2) specifically states that a civil action removable on the basis of diversity jurisdiction cannot be removed only where the parties in interest have been "properly joined and served as defendants." 28 U.S.C. § 1442(b)(2). That provision does not prohibit removal here because Defendants have not been properly served. *See, e.g., Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."); *C.Q. v. Est. of Rockefeller*, No. 20-CV-2205, 2020 WL 5658702, at *2 (S.D.N.Y. Sept. 23, 2020) (analyzing *Gibbons* and explaining that because removal occurred before service was complete, it would be inappropriate to remand the case to state court).

   (b)     <u>**The Amount In Controversy Exceeds $75,000.**</u>

13.     Plaintiff does not quantify the amount of damages, but requests judgment that includes, but is not limited to the following relief: (1) lost wages and back pay; (2) front pay; (3) overtime; (4) benefits; (5) reinstatement with "full seniority, status, salary increments, bonuses and benefits"): (6) "damages for pain and suffering, humiliation, mental anguish, damages to reputation and livelihood, and emotional distress"; (7) punitive damages; (8) pre- and post-judgment interest; and (9) attorneys' fees and expert fees. *See* Compl., Prayer for Relief paragraph.

14.     Where, as here, a plaintiff does not expressly plead a specific amount of damages in her complaint, a defendant must only show a "reasonable probability" that the amount in controversy exceeds $75,000.  *See Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 262 (S.D.N.Y. 2017).  The amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332 "may be met by a combination of economic and non-economic losses…"  *Id.*  To determine whether defendant has met its burden, "[courts] look first to the [plaintiff's] complaint and then to [defendant's] petition for removal.  *Maxons Restorations, Inc. v. Newman*, 292 F. Supp. 2d 477, 481-82 (S.D.N.Y. 2003); *Hager v. Steele*, No. 20-CV-4482, 2020 WL 4345735, at *2 (S.D.N.Y. July 29, 2020) ("When the pleadings themselves are inconclusive as to the amount in controversy, the defendant has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount by a preponderance of the evidence.") (internal citations omitted).

15.     <u>First</u>, Plaintiff seeks compensatory damages in the form of back pay.  *See* Prayer for Relief in Compl., subparagraph 4.  As of Plaintiff's placement on leave on or around July 10, 2021 and subsequent separation from Defendants on or around July 28, 2021 (*see* Compl. ¶ 4), Plaintiff's hourly rates varied depending on the location she worked, but were all between $34.86 and $42.45.  *See* Declaration of Lanie Doherty, dated August 29, 2023, attached as Exhibit 4 ("Doherty Decl."), ¶ 6.

16.     Given the significant interruption to live events caused by the COVID-19 pandemic, the last full year that Plaintiff worked a typical schedule was 2019.  For Fiscal Year 2019, Ms. Kenney's total gross earnings were $77,531.53.  *See* Doherty Decl., ¶ 7.

17.     As Plaintiff earned more than $77,500 in 2019 alone while being paid hourly rates less than those applicable to her position at the time of her termination, and Plaintiff alleges that

she is owed over two years of backpay, her purported backpay damages alone far exceed the amount in controversy. *See, e.g.*, *Miller-Rivera v. Eddie Jr.'s Sports Lounge, Inc*., No. 17-CV-0603, 2018 WL 3581735, at *3 (E.D.N.Y. Jan. 2, 2018), *report and recommendation adopted*, No. 17-CV-603, 2018 WL 3581698 (E.D.N.Y. July 25, 2018) (calculating backpay award by multiplying plaintiff's average by comparing her average earnings while employed with the number of weeks of lost employment); *Hager*, 2020 WL 4345735, at *2 (analyzing backpay claims in a matter involving alleged violations of the New York City Human Rights Law and explaining "[a] potential award for back pay is calculated from the date that Plaintiff was unlawfully discharged through the date Defendants file the notice of removal").

18.    Second, Plaintiff also seeks compensatory damages in the form of front pay.  *See* Prayer for Relief in Compl., subparagraph 4.  When calculating the amount in controversy, this Court may consider the value of Plaintiff's estimated future earnings from Defendants.  *See, e.g.*, *Hager*, 2020 WL 4345735, at *2 ("With a salary of $250,000 per year, Plaintiff need be awarded front pay for just over two and a half months to meet the jurisdictional minimum at the time of removal.").

19.    Assuming that Plaintiff receives damages for only one year of alleged lost future wages, and conservatively using her Fiscal Year 2019 earnings as a representative year of work despite her hourly rates being lower than her 2021 rates, providing one year of front pay would increase Plaintiff's damages by at least the $77,531.53 she earned in 2019.[3]  Thus, to the extent Plaintiff prevails in this litigation, there is a "reasonable probability" that Plaintiff's total alleged

---

[3]    This number does not factor in any potential wage increases or even use Plaintiff's most recent rates from 2021.

lost wages (i.e., back and front pay combined) will significantly exceed the $75,000 amount in controversy requirement.

20.    Third, in addition to alleged lost wages, Plaintiff seeks compensatory damages for "emotional distress and humiliation." *See* Prayer for Relief in Compl., subparagraph 5. Courts in the Second Circuit have held that the range for "garden-variety" pain and suffering damages can span from between $5,000 and $35,000. *See Rainone v. Potter*, 388 F. Supp. 2d 120, 122 (E.D.N.Y. 2005). Therefore, solely for purposes of removal, the Court may reasonably assume that Plaintiff's claimed damages include between $5,000 to $35,000 in alleged pain and suffering damages. *See In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-2543, 2015 WL 2130904, at *2 (S.D.N.Y. May 6, 2015) (considering "future non-economic damages such as pain and suffering" in determining that amount in controversy requirement satisfied for removal).

21.    Fourth, Plaintiff seeks reinstatement as well as full seniority, status, salary increments, bonuses, and benefits that she would have received had she remained employed since July 2021. *See* Prayer for Relief in Compl., subparagraph 2. Courts may consider the additional costs that a defendant would incur through reinstatement when considering whether the diversity jurisdiction amount in controversy threshold has been satisfied. *See, e.g.*, *Hager*, 2020 WL 4345735, at *2 ("if Plaintiff were reinstated, the value of four months of employment at Defendant Steele Consulting, LLC would, on its own, exceed the threshold amount."). Here, if Plaintiff were reinstated and just received the same pay as she did in 2019, without accounting for the subsequent increase in her hourly pay rates or the benefits she would be provided, then just one year of employment on its own would exceed the amount in controversy requirement.

22.    Fifth, Plaintiff seeks recovery of attorneys' fees. *See* Prayer for Relief in Compl., subparagraph 6. "Attorneys' fees can be considered as part of the amount in controversy where

they are anticipated or awarded in the governing statute." *Henry v. Warner Music Grp. Corp.*, No. 13-5031, 2014 WL 1224575, at *3 (S.D.N.Y. Mar. 24, 2014). Here, the New York City Human Rights Law permits the recovery of reasonable attorneys' fees.

23.    Courts in the Second Circuit have awarded attorneys' fees at hourly rates ranging from $300 to $425 in employment discrimination actions arising under the New York City Human Rights Law. *See Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238 (E.D.N.Y. 2014) ("Courts in this district have awarded hourly rates ranging from $300 to $425 for experienced solo practitioners in civil rights cases"). Considering the time Plaintiff's counsel has spent and can be expected to spend investigating Plaintiff's claims, drafting the Complaint, drafting and responding to discovery requests, defending Plaintiff's deposition, deposing Defendant's witnesses, and engaging in dispositive motion practice as to Plaintiff's claims, it is reasonable to assume that Plaintiff's counsel will spend *at least* 80 attorneys hours (not including paralegal time) on litigation activity in this action. Applying a billable rate of $350 per attorney hour to a conservative estimate of 80 billable hours, the amount of attorneys' fees in controversy is at least $28,000 ($350 times 80 hours).

24.    Sixth, Plaintiff also seeks an unspecified amount of punitive damages. *See* Prayer for Relief in Compl., subparagraph 7. "[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991). Punitive damages are available under the NYCHRL. N.Y.C. Admin. Code § 8-502(a)( "[A]ny person claiming to be a person aggrieved by an unlawful discriminatory practice as defined in chapter 1 of this title...shall have a cause of action in any court of competent jurisdiction for damages, *including punitive damages*, and for injunctive relief and such other remedies as may be

appropriate[.]") (emphasis added); *see also Chauca v. Abraham*, 30 N.Y.3d 325, 334, 89 N.E.3d 475, 481 (2017) (clarifying standard for awarding punitive damages under the NYCHRL).

25.　　Even though the other categories of damages Plaintiff seeks satisfy the amount-in-controversy requirement for diversity jurisdiction, Plaintiff's claims for punitive damages tips the scale even further above the $75,000 threshold.  *See, e.g.*, *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("if punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."); *Kaminski v. Polish & Slavic Fed. Credit Union*, No. 06–688, 2007 WL 2343673, at *5 (E.D.N.Y. Aug. 13, 2007) (finding that the plaintiff's damages, including an unspecified amount of punitive damages, met Section 1332's amount-in-controversy requirement).

26.　　Although Defendants deny that Plaintiff is entitled to any damages, based on the allegations in the Complaint, the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met and this action is, therefore, properly removed to the United States District Court for the Southern District of New York.

**B.　　Venue Is Proper In The Southern District of New York.**

27.　　Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Southern District of New York is the federal judicial district and division embracing the Supreme Court of the State of New York, County of New York, where Plaintiff originally filed this action, and Defendants are subject to personal jurisdiction in this judicial district.

**C.　　Defendants Have Timely Filed the Notice of Removal.**

28.　　In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court because thirty (30) days have not passed since receipt of the Complaint by Defendants

on August 28, 2023 and Defendants have to date not been served with the Summons and Complaint.

**D.**    **The Notice Of Removal Complies With 28 U.S.C. §§ 1445 And 1446.**

29.    This action is not an action described in 28 U.S.C. § 1445.

30.    Consistent with 28 U.S.C. § 1446(d), Exhibit 2 constitutes all process, pleadings, and orders that have been filed in the state court action that Defendants are aware of.

31.    Consistent with 28 U.S.C. § 1446(d), written notice of the removal of this case, together with a copy of this Notice of Removal with attached exhibits, shall be filed with the New York Supreme Court and served on Plaintiff's counsel.

32.    By filing a Notice of Removal, Defendants do not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants hereby remove this case from the Supreme Court of the State of New York, County of New York, and respectfully requests that this Court assume complete jurisdiction over the case for all future proceedings.

Dated: August 29, 2023        Respectfully submitted,
      New York, New York

                                    MORGAN, LEWIS & BOCKIUS LLP

                                    */s/ Kenneth J. Turnbull*
                                    Kenneth J. Turnbull
                                    Daniel A. Kadish
                                    101 Park Avenue
                                    New York, NY 10178
                                    Telephone: (212) 309-6000
                                    Facsimile: (212) 309-6001
                                    kenneth.turnbull@morganlewis.com
                                    daniel.kadish@morganlewis.com

                                    *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 29, 2023, the foregoing Notice of Removal, including the attached exhibits, was filed via the ECF filing system and served on the following:

James Mermigis
85 Cold Spring Road, Suite 200
Syosset, New York 11791

*Attorneys for Plaintiff*

<u>*/s/  Kenneth J. Turnbull*</u>
Kenneth J. Turnbull