# EXHIBIT 2

INDEX NO. 158101/2023
RECEIVED NYSCEF: 08/23/2023
Case 1:23-cv-07683-KPF   Document 1-2   Filed 08/29/23   Page 2 of 21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
— — — — — — — — — — — — — — — — — — — — — —-X

**BRITTNEY M. KENNEY,**

**Plaintiff,**          **Index No.: 158101/2023**

**Against**                              **SUMMONS**

**MSG ARENA, LLC.**
**MSGN HOLDINGS, LP,**
**MADISON SQUARE GARDEN SPORTS CORP., and**
**MSG ENTERTAINMENT GROUP CORP.**

**Defendants.**
————————————————————X

To the above-named Defendants:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgement will be taken against you by default for the relief demanded in the complaint.


Dated: August 18, 2023



                    **THE MERMIGIS LAW GROUP, P.C.**
                    *Attorneys for Plaintiff*

                    */s/ James Mermigis*

                    _____
                    By: James G. Mermigis, Esq.
                    85 Cold Spring Road, Suite 200
                    Syosset, NY 11791
                    (516) 353-0075



1

To:

**MSG ARENA, LLC.**
**MSGN HOLDINGS, LP,**
**MADISON SQUARE GARDEN SPORTS CORP.,**
**MSG ENTERTAINMENT GROUP CORP.**
Two Pennsylvania Plaza
New York, New York  10121

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
———————————————————--X
**BRITTNEY M. KENNEY,**

        **Plaintiff,**    **Index No.: 158101/2023**

                **Amended**
**Against**            **VERIFIED COMPLAINT**


**MSG ARENA, LLC.**
**MSGN HOLDINGS, LP,**
**MADISON SQUARE GARDEN SPORTS CORP., and**
**MSG ENTERTAINMENT GROUP CORP.**

          **Defendants.**
————————————————————X

   Brittney M. Kenney "Plaintiff," by and through the undersigned counsel, The Mermigis

Law Group, P.C., file this Verified Complaint against **MSG ARENA, LLC., MSGN**

**HOLDINGS, LP, MADISON SQUARE GARDEN SPORTS CORP., and MSG**

**ENTERTAINMENT GROUP CORP.** (Collectively "Defendants") and for her Complaint she

alleges as follows:

<u>**NATURE OF THE ACTION**</u>

   This is a civil action for damages and other remedies brought under the NYCHRL. This

case alleges discrimination and retaliation against Plaintiff, an employee of Defendants. During

all times relevant to this matter, Defendants were Plaintiff's employer as employer is defined

under the New York City Human Rights Law, §8-107, <u>et seq.</u> (the "NYCHRL").

<u>**JURISDICTION AND VENUE**</u>

   Plaintiff's claims arise under the New York City Human Rights Act, New York City

Administrative Code § et. seq. which prohibits discrimination in employment based on religion,

aiding and abetting discrimination and/or retaliating against a person for opposing

discrimination. Venue is proper in New York County as the discrimination and all other claims

arise in New York County.

## **PARTIES**

i.      Plaintiff was employed by Defendants and terminated on July 28, 2021.

Defendants religiously discriminated against Plaintiff by refusing to reasonably accommodate

her religious beliefs under New York City Human Rights Law. Plaintiff resides in the State of

New Jersey.

ii.      Defendant, MSG Arena, LLC., is a foreign limited liability company authorized to

do business within New York, with its principle Executive Office located at Two Pennsylvania

Plaza, New York, New York 10121.

iii.     Defendant, MSGN Holdings, LP., is a foreign business limited partnership

authorized to do business within New York, with its principle Executive Office located at Two

Pennsylvania Plaza, New York, New York 10121.

iv.     Defendant Madison Square Garden Sports Corp., is a foreign business corporation

authorized to do business within New York, with its principle Executive Office located at Two

Pennsylvania Plaza, New York, New York 10121.

v.      Defendant MSG Entertainment Group Corp., is a foreign business corporation

authorized to do business within New York, with its principle Executive Office located at Two

Pennsylvania Plaza, New York, New York 10121.

vi.     All Defendants are considered employers within the meaning of New York City

Human Rights Law.

4

     vii.    New York City Administrative Code § 8-502(a) permits a Plaintiff the right to maintain a cause of action.

## STATEMENT OF FACTS

1.    Plaintiff was hired by Defendants on August 22, 2014. Plaintiff worked in the ticket office where there is a bullet proof glass between Plaintiff and the public during her shifts.

2.    On May 18, 2021, Defendants imposed a covid-19 vaccination mandate requiring all employees to be vaccinated by July 12, 2021.

3.    Despite her long-standing service, Plaintiff's deeply rooted religious beliefs clashed with this Mandate, leaving her at a crossroads between her commitment to her faith and her dedication to her profession. In good faith, she sought a reasonable accommodation, a bridge between her unwavering beliefs and this new condition of employment.

4.    Her request was met with a dismissive denial, the very foundation of her faith and conscience seemingly cast aside. The initial denial by the Defendants, bereft of reasoning or clarity, left Plaintiff grappling for understanding and recourse. Her calls and emails to the Defendants went unanswered, leaving her isolated and bewildered in the face of a profound injustice. Plaintiff was placed on leave on July 10, 2021 and terminated on July 28, 2021.

5.    In a just and transparent process, individuals deserve to understand the basis upon which their deeply-held beliefs are denied consideration. The Defendants, however, failed to provide Plaintiff with even a semblance of justification, leaving her in the dark regarding the reasoning behind their decisions. This lack of communication, and refusal to engage in an

5

INDEX NO. 158101/2023
RECEIVED NYSCEF: 08/23/2023

Case 1:23-cv-07683-KPF   Document 1-2   Filed 08/29/23   Page 7 of 21

interactive process or cooperative dialogue, compounded the emotional turmoil Plaintiff was already enduring.

6.     Defendants, bereft of any rightful basis, rejected the Plaintiff's religious convictions, a role they are neither qualified nor entitled to undertake. Plaintiff has demonstrated her unwavering faith diligently, providing a comprehensive account of how her beliefs conflict with the Vaccine Mandate. Plaintiff undertook the task of articulating her beliefs, reflecting a commitment that goes beyond the physical realm. (See Religious Accommodation Request attached as Exhibit A).

7.     Yet, rather than engaging in an interactive process as required, the Defendants' response was marked by their refusal to comprehend or engage meaningfully with Plaintiff's profound religious convictions. Struggling to navigate the intricacies of a theology that governs her life choices, Plaintiff made diligent attempts to articulate her faith to the Defendants. Yet, they ceased any dialogue, devoid of good faith efforts to understand or accommodate her religious obligations. Plaintiff was met not with explanations, but with inscrutable judgments that contradicted the fundamental tenets of fairness and justice.

## FIRST CAUSE OF ACTION
### (Failure to Accommodate in Violation of the New York City Human Rights Law)

8.     Plaintiff reincorporates the foregoing as if fully written herein.

9.     At all relevant times, the NYCHRL has been in full force and effect and has applied to Defendants' conduct.

10.    Pursuant to the NYCHRL,

*It shall be an unlawful discriminatory practice for an employer or an employee or agent thereof*

6

*to impose upon a person as a condition of obtaining or retaining employment any terms or conditions, compliance with which would require such person to violate, or forego a practice of, such person's creed or religion, … and the employer shall make reasonable accommodation to the religious needs of such person.*

N.Y.C. Admin. Code § 8–107(3)(a).

11.    At all relevant times, the Defendants had the power to hire, promote, and discharge Plaintiff.

12.    Plaintiff has sincerely held religious beliefs which prohibit her from receiving the COVID-19 vaccines.

13.    The Defendants required Plaintiff to receive the COVID-19 vaccine to retain her employment.

14.    Plaintiff requested a reasonable accommodation to the Defendants' requirement that she receive the COVID-19 vaccination.

15.    Defendants denied Plaintiff's request for a reasonable accommodation.

16.    Defendants failed to provide Plaintiff with a reasonable accommodation of her religious observance, practice, and belief (i.e., that she is prohibited from taking the COVID-19 vaccine), which precludes her from complying with the  Vaccine Mandate.

17.    In 2005, the New York City Council amended the NYCHRL by passing the Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), N.Y.C. Local L. No. 85.

In amending the NYCHRL, the City Council expressed the view that the NYCHRL had been "construed too narrowly" and therefore "underscore[d] that the provisions of New York City's Human Rights Law are to be construed independently from similar or identical provisions of New York state or federal statutes." Restoration Act § 1. To bring about this

7

change in the law, the Act established two new rules of construction. First, it created a "one-way ratchet," by which interpretations of state and federal civil rights statutes can serve only " 'as a *floor* below which the City's Human Rights law cannot fall.' " *Loeffler,* 582 F.3d at 278 (quoting Restoration Act § 1). Second, it amended the NYCHRL to require that its provisions "be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title[,] have been so construed." Restoration Act § 7 (amending N.Y.C. Admin. Code § 8–130). *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013); *see also Kerman-Mastour v. Fin. Indus. Regulatory Auth., Inc.,* 814 F. Supp.2d 355, 365-66 (S.D.N.Y. 2011) ("[T]he Second Circuit has directed the district courts to conduct an analysis of the NYCHRL claims that is separate from that undertaken for Title VII and New York State Human Rights Law claims." (citing *Loeffler v. Staten Island Univ. Hosp.,* 582 F.3d 268, 278-79 (2d Cir. 2009)).

18.     In 2011, New York City enacted the Workplace Religious Freedom Act, amending sections 8-102 and 8-107 of the NYCHRL, and adopting a stiffer standard for assessing undue hardship. The committee report accompanying this amendment stated that the City Council's intention is "to provide greater protection to workers under the City Human Rights Law than the federal, and even the State, human rights provisions provide." N.Y.C. Council, Report of Committee on Civil Rights on Proposed Int. No. 632, Aug. 16, 2011. "The standard for assessing undue hardship under the NYCHRL differs from that under federal law when considering requests for reasonable accommodation." *COVID-19 & Employment Protections*, "Vaccinations," NYC Human Rights, accessible at https://

www1.nyc.gov/site/cchr/community

/covid-employment.page (last updated 11/1/2021).

19.    The New York City Human Rights Law explicitly defines undue hardship:

"Reasonable accommodation", as used in this subdivision, shall mean such accommodation

to an employee's or prospective employee's religious observance or practice as shall not

cause undue hardship in the conduct of the employer's business. The employer shall have

the burden of proof to show such hardship. "Undue hardship" as used in this subdivision

shall mean an accommodation requiring significant expense or difficulty (including a

significant interference with the safe or efficient operation of the workplace or a violation of

a bona fide seniority system).

N.Y.C. Admin. Code § 8-107(3)(b)

20.    Plaintiff was able to perform the essential duties of her job with a reasonable

accommodation.

21.    Accommodating the Plaintiff would not require significant expense or difficulty

from the Defendants.

22.    Accommodating the Plaintiff would not significantly interfere with the safe or

efficient operation of the Defendants' workplace.

23.    Accommodating the Plaintiff would not require the Defendants to violate a bona

fide seniority system.

24.    Defendants could have accommodated the Plaintiff with weekly PCR testing.

25.    The NYCHRL prohibits Defendants from denying the Plaintiff's request for a

reasonable accommodation until it engaged in a cooperative dialogue with the Plaintiff:

9

The determination that no reasonable accommodation would enable the person requesting

an accommodation to satisfy the essential requisites of a job or enjoy the right or rights in

question may only be made after the parties have engaged, or the covered entity has

attempted to engage, in a cooperative dialogue.

N.Y.C. Admin. Code § 8-107 (28)(e).

26.     However, Defendants violated the NYCHRL by denying Plaintiff's request for a

reasonable accommodation without engaging in a cooperative dialogue

27.     Instead of accommodating Plaintiff's religious beliefs, Defendants terminated

Plaintiff because she could not receive the COVID-19 vaccination.

28.     Instead of accommodating Plaintiff's religious beliefs, Defendants placed Plaintiff

on Leave because she could not receive the COVID-19 vaccination.

29.     Plaintiff was terminated on July 28, 2021 because the Defendants refused to

accommodate her religious beliefs.

30.     Defendants had no objective basis for questioning the religious nature of

Plaintiff's religious beliefs.

31.     Defendants had no objective basis for questioning the sincerity of Plaintiff's

religious beliefs.

32.     Plaintiff sufficiently articulated and explained the religious nature of her conflict

with the Vaccine Mandate.

33.     Defendants simply rejected Plaintiff's religious beliefs without reason.

34.     Defendants discriminated against Plaintiff because she is a Christian.

35.     Defendants cannot demonstrate that accommodating Plaintiff would cause an

undue hardship.

10

36.     As a direct and proximate result of Defendants' unlawful discriminatory practices, Plaintiff has suffered, and continues to suffer, substantial losses, including but not limited to the loss of past and future earnings, compensation and benefits, increases, promotions, bonuses, and other employment benefits, for which she is entitled to an award of monetary damages which exceeds the jurisdictional limits of all lower courts, and other relief.

37.     As a direct and proximate result of Defendants' failure to accommodate, Plaintiff suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages in an amount to be determined at trial.

38.     As a direct and proximate result of Defendants' failure to accommodate, Plaintiff is thus entitled to injunctive and declaratory relief, as well as compensatory damages, including pain and suffering, and punitive damages for the injuries and loss sustained as a result of Defendants' unlawful discriminatory conduct under the NYCHRL, in an amount to be determined at trial.

39.     Defendants willfully violated Plaintiff's right to a reasonable accommodation.

40.     Defendants willfully violated Plaintiff's right to a cooperative dialogue.

41.     Defendants willfully violated Plaintiff's right to an interactive process.

42.     Defendants willfully and wrongfully terminated Plaintiff.

43.     Defendants knew they were acting in violation of the law.

44.     The Department of Law of the City of New York promulgated guidance to private sector employers regarding religious accommodation requests to the City's COVID-19 Vaccine Mandate, and acknowledged the refusal to receive the COVID-19 vaccine based upon the use of

11

aborted fetal cell lines in the testing, research, development, and/or manufacturing of the vaccines.

45.    The Defendants knew that they were required under the law to engage in a good faith discussion with Plaintiff in an attempt to understand her accommodation needs. However, the Defendants did not engage in such good faith interactive process or cooperative dialogue.

46.    The Defendants knew that Plaintiff's beliefs qualified as religious under the law. There is no common sense reading of her request where Plaintiff's objection to the Vaccine Mandate is not based on sincerely held religious beliefs. However, Defendants categorically rejected Plaintiff's religious beliefs.

47.    The City's FAQ on New York City Employees Vaccine Mandate recognized that "[a] sincerely held religious, moral or ethical belief may be a basis for a religious accommodation."

48.    Defendants knew that they were legally required to engage in a cooperative dialogue but failed to engage in such dialogue with Plaintiff regarding her request for an accommodation before summarily denying her request.

49.    Defendants knew that they were legally required to engage in an interactive process but failed to engage in such process with Plaintiff regarding her request for an accommodation before summarily denying her request.

50.    Defendants violated their own employment policies and procedures by failing to engage in a cooperative dialogue with Plaintiff.

51.    Defendants violated their own employment policies and procedures by failing to engage in an interactive process with Plaintiff.

52.     Defendants violated their own employment policies and procedures by refusing to accommodate the Plaintiff.

53.     Defendants violated their own employment policies and procedures by denying that Plaintiff's beliefs were religious.

54.     Defendants did not consider the Plaintiff's individual job duties before refusing to accommodate her.

55.     Defendants callously rejected the Plaintiff's request for accommodation displaying a blatant lack of any true consideration before hastily issuing a boilerplate denial.

56.     Defendants acted with malice.

57.     Defendants' actions amount to willful or wanton negligence.

58.     Defendants' discrimination was willful.

59.     Defendants' discrimination was reckless.

60.     Defendants consciously disregarded Plaintiff's right to a reasonable accommodation.

61.     Defendants consciously disregarded Plaintiff's right to a cooperative dialogue.

62.     Defendants consciously disregarded Plaintiff's right to an interactive process.

63.     Defendants consciously disregarded Plaintiff's right to retain her employment.

64.     Defendants' conduct was so reckless as to amount to a conscious disregard of the rights of the Plaintiff.

65.     Defendants acted with reckless indifference to Plaintiff's rights.

66.     As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to punitive damages under NYCHRL in an amount to be determined at trial.

67.     Plaintiff is further entitled to an award of attorney's fees, expert fees, and other costs under the NYCHRL. N.Y.C. Admin. Code §8-502(g).

## SECOND CAUSE OF ACTION

**(Failure to Engage in a Cooperative Dialogue in Violation of the NYCHRL)**

68.     Plaintiff reincorporates the foregoing as if fully written herein.

69.     The NYCHRL requires employers to engage in a cooperative dialogue with an employee who requests a reasonable accommodation on the basis of religion.

70.     The NYCHRL provides a separate cause of action against employers who fail to engage in a cooperative dialogue with employees, like the Plaintiff, who request a reasonable accommodation:

It shall be an unlawful discriminatory practice for an employer, labor organization or employment agency or an employee or agent thereof to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the covered entity has notice may require such an accommodation:

(1) For religious needs as provided in subdivision 3 of this section.

N.Y.C. Admin. Code § 8-107 (28)(a).

71.     Defendants were obligated to engage in a cooperative dialogue with Plaintiff regarding her need for a reasonable accommodation to the Vaccine Mandate.

72.     Defendants refused to engage in any cooperative dialogue and simply denied Plaintiff's request for a reasonable accommodation.

14

73.     Defendants violated N.Y.C. Admin. Code § 8-107 (28)(a)(1) by failing to engage in a cooperative dialogue with the Plaintiff regarding her request for a reasonable accommodation to the Vaccine Mandate.

74.     The NYCHRL prohibits Defendants from denying the Plaintiff's request for a reasonable accommodation until it engaged in a cooperative dialogue with the Plaintiff:

> The determination that no reasonable accommodation would enable the person requesting an accommodation to satisfy the essential requisites of a job or enjoy the right or rights in question may only be made after the parties have engaged, or the covered entity has attempted to engage, in a cooperative dialogue.

N.Y.C. Admin. Code § 8-107 (28)(e).

75.     However, Defendants violated the NYCHRL by denying Plaintiff's request for a reasonable accommodation without first engaging in a cooperative dialogue.

76.     Plaintiff sufficiently articulated sincerely held religious beliefs that conflict with the Vaccine Mandate.

77.     Plaintiff was fully capable of satisfying the essential requisites of her job with a reasonable accommodation.

78.     Defendants never had any communications with Plaintiff regarding any potential accommodations that may address her accommodation needs before denying her reasonable accommodation request.

79.     Defendants never had any communications with Plaintiff regarding alternatives to her accommodation request before denying her reasonable accommodation request.

15

80.     Defendants never had any communications with Plaintiff regarding the difficulties that any potential accommodations may pose to Defendants before denying her reasonable accommodation request.

81.     As a direct and proximate result of Defendants' unlawful discriminatory practices, Plaintiff has suffered, and continues to suffer, substantial losses, including but not limited to the loss of past and future earnings, compensation and benefits, increases, promotions, bonuses, and other employment benefits, for which she is entitled to an award of monetary damages which exceeds the jurisdictional limits of all lower courts, and other relief.

82.     As a direct and proximate result of Defendants' unlawful discriminatory practices, Plaintiff suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages in an amount to be determined at trial.

83.     As a direct and proximate result of Defendants' violations of the NYCHRL, N.Y.C. Admin. Code § 8-107 (28)(a)(1) and § 8-107 (28)(e), Plaintiff is entitled to declaratory and injunctive relief and Defendants are liable to Plaintiff for compensatory damages, including pain and suffering, and punitive damages in an amount to be determined at trial  pursuant to N.Y.C. Admin. Code §8-502(a), and for costs and reasonable attorney's fees pursuant to N.Y.C. Admin. Code §8-502(g).

Case 1:23-cv-07683-KPF   Document 1-2   Filed 08/29/23   Page 18 of 21

## **Prayer for Relief**

**WHEREFORE**, the Plaintiff prays that this Court grant judgment to her containing the following relief:

1. A declaratory judgment that the Defendants' failure to accommodate and failure to engage in a cooperative dialogue with Plaintiff are unlawful discriminatory practices under the New York City Human Rights Law;

2. An order that Defendants reinstate Plaintiff to her former position with full seniority, status, salary increments, bonuses and benefits, to the same extent that she would have received but for Defendants' unlawful conduct;

3. An order that Defendants grant Plaintiff's request for a reasonable accommodation that will allow Plaintiff to perform the essential functions of her job;

4. An award to Plaintiff of compensatory damages for the Plaintiff's lost wages, back pay, front pay, overtime, and benefits, in an amount to be determined at trial;

5. An award to Plaintiff of compensatory damages for the pain and suffering, humiliation, mental anguish, damages to reputation and livelihood, and emotional distress sustained by her in an amount to be determined at trial;

6. An award to Plaintiff for costs in this action, including reasonable attorney's fees and expert fees under the New York City Human Rights Law;

7. An award to Plaintiff for punitive damages in an amount to be determined at trial, in order to punish the Defendants' intentional unlawful discriminatory practices;

8. An award of pre- and post-judgment interest on all amounts awarded to the Plaintiff at the highest rates and from the earliest dates allowed by law on all causes of action;

17

INDEX NO. 158101/2023

RECEIVED NYSCEF: 08/23/2023

9.    Such other and further relief this Court may deem just and proper.

Dated: Syosset, New York
           August 18, 2023

                              **THE MERMIGIS LAW GROUP, P.C.**
                              *Attorneys for Plaintiff*

                              */s/ James Mermigis*
                              _____

                              By: James G. Mermigis, Esq.
                              85 Cold Spring Road, Suite 200
                              Syosset, NY 11791
                              (516) 353-0075

INDEX NO. 158101/2023
RECEIVED NYSCEF: 08/23/2023

Case 1:23-cv-07683-KPF    Document 1-2    Filed 08/29/23    Page 20 of 21

## **ATTORNEY'S VERIFICATION**

**James G. Mermigis, Esq.**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and the owner of **THE MERMIGIS LAW GROUP, P.C.**, attorneys of record for Plaintiff **BRITTNEY M. KENNEY,** in the action within.

I have read the annexed Amended **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The source of deponent's information and the grounds for his belief are communications, papers, reports and investigations contained in the file.

The reason that this verification is made by deponent and not by the Plaintiff is that the Plaintiff **BRITTNEY M. KENNEY** herein resides in a county other than one in which Plaintiff's attorney maintains his office.

Dated: Syosset, New York
        August 18, 2023

/s/ James G. Mermigis
_____
James G. Mermigis, Esq.

19

Case 1:23-cv-07683-KPF   Document 1-2   Filed 08/29/23   Page 21 of 21

20